JAMES AND VIOLA ALMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alman v. Commissioner
Docket No. 162-78.
United States Tax Court
T.C. Memo 1979-467; 1979 Tax Ct. Memo LEXIS 59; 39 T.C.M. (CCH) 527; T.C.M. (RIA) 79467; November 26, 1979, filed James Alman, pro se. Thomas E. Brever, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency of $538.56 in taxes due from petitioners for the taxable year 1975. The only issues presented for decision are: (1) Whether the petitioners are entitled either to a casualty loss or a charitable deduction on account of the costs incurred in 1972 for compliance with an order of the City of Saint Paul to fill a gully on public property adjacent to certain property owned by petitioners. (2) Whether petitioner has substantiated deductions for professional expenses in the amount of $611.54 and home office expenses in the amount of $569.34 deducted in his return for the taxable year 1975. *60 Of the total expenses claimed, respondent has conceded the amount of $114. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners, husband and wife, filed a joint Federal income tax return for the taxable year ended December 31, 1975, on the cash method of accounting. At the time of filing the petition herein, they resided in Saint Paul, Minnesota. In his return for the taxable year 1975, petitioner deducted a casualty loss in the amount of $1,319.16. The facts with respect thereto were that during the taxable year 1972 petitioner had incurred certain costs in compliance with an order of the City of Saint Paul to fill a gully located on a city street. Petitioner claimed such cost as a deduction in a joint Federal income tax return filed for the taxable year 1972. Respondent disallowed the claim and petitioner consented to the collection of the resulting deficiency in tax. During the taxable year 1973, petitioner filed a claim against the City of Saint Paul to recover the costs incurred in filling the gully. A final adjudication of this *61 claim during the taxable year 1975 resulted in a decision adverse to petitioner. Petitioner was not reimbursed for any amount relating to the filing of the gully. In petitioner's return for the taxable year 1975, the amounts claimed as miscellaneous deductions were as follows: Professional Expenses
Advertisement
$ 23.76
Literature
14.50
Stationery
15.48
Material
319.09
Safe Deposit Box
10.00
Mail Charges
16.98
Tools
36.08
Lawyer Fees
100.00
Business use of auto
75.65
$611.54
Office Expenses
Calculator
$ 81.14
Computer
182.46
Line Printer
60.00
House Depreciation
75.68
Utilities
95.26
Insurance
14.10
Telephone
60.70
$569.34
Total
$1,10.88
The amounts claimed as office expenses consisted or depreciation computed at the rate of 40 percent double declining balance on account of the calculator, the computer and the line printer, and 10 percent of the depreciation and other expenses relating to petitioner's residence, and 50 percent of petitioner's telephone expenses. During the taxable year 1975, petitioner was employed as an electrical engineer by Honeywell Corporation and Cardiac Pacemakers, Inc. Neither employer required *62 that petitioner perform any services for them at his home during the taxable year 1975. Petitioner was not engaged in any other trade or business during such year. OPINION During the taxable year 1975, petitioner deducted certain amounts claimed to have been expended in 1972 in compliance with an order of the City of Saint Paul to fill a gully on public property. Petitioner deducted such costs in the tax return filed for the taxable year 1972. The deduction was disallowed by the respondent. Subsequently, petitioner sought to obtain reimbursement from the city. After some litigation, petitioner's claim was rejected in the taxable year 1975. In the return for that year, an amount attributable to the costs incurred in 1972 was claimed by petitioner as a casualty loss. Compliance with an order of the city to fill a gully in the city street adjoining the petitioner's property does not constitute a "casualty" within the meaning of section 165(c). [1] Furthermore, it is clear that even if the condition of the street which petitioner was required to remedy had resulted from a "casualty", the event occurred prior to the year 1975. *63 In the alternative, petitioner argues that the amount expended represented a charitable contribution. However, the expense was not "contributed" but incurred under duress pursuant to an order from the city. In addition, petitioner unsuccessfully sought reimbursement in the courts. Under no stretch of the imagination could a charitable contribution be inferred from such action. With respect to the miscellaneous deductions, the petitioner failed to present any evidence that during the taxable year 1975 either of his employers required that he maintain an office at his home in order to perform work for those employers. Nor was it shown that the computer and related equipment were used by the petitioner in the performance of work for his employers. Petitioner had no other gainful employment. Accordingly, there is no basis upon which the Court could allow any such expense as a deduction for the taxable year 1975. , cert. denied . Respondent has allowed $114 of the expenses claimed by the petitioner. In addition to the amounts claimed, the Court is of the opinion that there *64 should be allowed the rental of a safe deposit box in the amount of $10. Petitioner did not substantiate his right to deduct any of the remainder.
Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩